**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re | : | CHAPTER 13 |
| | : | |
| SHEKIMA T. LEWIS, | : | |
| | : | Bankruptcy No. 04-36778KJC |
| Debtor. | : | |

**MEMORANDUM IN SUPPORT**
**OF ORDER PURSUANT TO**
**LOCAL BANKRUPTCY RULE 8001-1(b)**

**BY:   KEVIN J. CAREY, UNITED STATES BANKRUPTCY JUDGE**

On November 22, 2005, after hearing, this Court entered an Order (Docket No. 46) denying the Motion to Approve the Distribution of Pre-Confirmation Payments Held by the Chapter 13 Standing Trustee to Debtor's Counsel for Outstanding Legal Fees (Docket No. 35)("Motion"), which Motion was opposed by the chapter 13 trustee. I denied the Motion for the reasons stated on the record at the conclusion of the November 22, 2005 hearing, but now write to amplify my oral ruling in accordance with Local Bankruptcy Rule 8001-1(b).

The Motion filed by Debtor's counsel, Jenkins & Clayman, on its own behalf, seeks a court order determining that its attorneys' fees be approved as an administrative expense and directing the chapter 13 trustee to pay such funds to counsel before confirmation of a plan.

By way of background, a chapter 13 debtor is required to file a proposed plan (11 U.S.C. § 1321) and to commence plan payments to the chapter 13 trustee within thirty days after the plan is filed even though a plan has not yet been confirmed. 11 U.S.C. § 1326(a)(1), See also

Local Bankruptcy Rule 2083-1.[1]

The chapter 13 trustee must retain such payments until either confirmation or denial of confirmation of a plan. 11 U.S.C. §1326(a)(2). Since the chapter 13 trustee is authorized to make distributions to creditors only upon confirmation of a plan (§1326(a)(2)), none of the bankruptcy judges in this district consider or rule upon debtor's counsel's fee application unless and until a plan is confirmed. It is common in chapter 13 representations for counsel to receive an advance on the fee, and to provide in the plan that the balance of the attorney's fee be paid through the chapter 13 plan.[2] The problem that this can sometimes present for debtor's counsel is that if a chapter 13 case is dismissed <u>before</u> confirmation of a plan, the Bankruptcy Code requires the chapter 13 trustee to return funds on hand to the debtor, Section 1326(a)(2). The debtor, in turn, may not pay her attorney. The case before me was dismissed, unopposed, and before confirmation, on the chapter 13 trustee's motion for the debtor's failure to make her plan

---

[1]Section 1326(a)(1) and (2) provide:

>    (a) (1)  Unless the court orders otherwise, the debtor shall commence making the payments proposed by a plan within 30 days after the plan is filed.
>
>    (2)  A payment made under this subsection shall be retained by the trustee until confirmation or denial of confirmation of a plan. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as practicable. If a plan is not confirmed, the trustee shall return any such payment to the debtor, after deducting any unpaid claim allowed under section 503(b) of this title.

This is the applicable version, in effect prior to the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[2]Indeed, the Bankruptcy Rule 2016(b) disclosure filed by debtor's counsel in this case reflects that $306.00 was received from the debtor, leaving a remaining balance due to counsel of $1,680, which the debtor's proposed chapter 13 plan provides is to be paid after confirmation through the chapter 13 trustee.

2

payments pursuant to Code §1326(a)(1).  Many such cases are disposed of in this manner.  So, in an effort to enlist the court's aid in collection efforts, counsel has filed this Motion.

Debtor's counsel has filed no fee application in this case.[3]  In light of this failure, the Court may not have authority to make any award to counsel, since none has been requested.  However, whether the Motion is considered such an application or, instead, a request for payment of administrative expense under Code §503(b), as its substance is styled, the requested relief should be denied.

Bankruptcy Code §349(b)(3) provides that dismissal of a bankruptcy case "reverts the property of the estate in the entity in which such property was vested immediately before the commencement of the case...."  Therefore, upon dismissal of a chapter 13 case, the right to the funds in the hands of the chapter 13 trustee revert to the debtor.  Upon return of the funds to the debtor, the debtor is free to dispose of these funds as applicable law would otherwise permit.  This in no way relieves the debtor from any obligation for unpaid fees that she may have to her counsel or of any agreement between the debtor and counsel that the returned funds should be the source of payment for fees still due.  Neither is counsel restricted from pursuing available

---

[3] See Rule 2016(a) of the Fed.R.Bankr.P. and L.B.R. 2016-1, 2016-2 and 2016-3.

remedies for collection of such fees under applicable non-bankruptcy law in the appropriate non-bankruptcy forum.[4]

                            BY THE COURT:


                            KEVIN J. CAREY
                            UNITED STATES BANKRUPTCY JUDGE

Dated: December 15, 2005

Copies to:

Shekima T. Lewis
526 Millbank Road
Upper Darby, PA 19082

Stephanie F. Ritigstein, Esquire
Jenkins & Clayman
412 White Horse Pike
Audubon, NJ 08106

Eric J. Clayman, Esquire
Jenkins & Clayman
412 White Horse Pike
Audubon, NJ 08106

Michael Seth Schwartz, Esquire
Robert C. Keller & Associates
7600 West Chester Pike
2nd Floor West
Upper Darby, PA 19082

---

[4] I am not unmindful of the difficulty debtor's counsel may sometimes face in collecting unpaid fees in dismissed chapter 13 cases; however, compelling the chapter 13 trustee, and inviting the Court, to join the fee collection process under these circumstances is not appropriate.

William C. Miller, Esquire
(Chapter 13 Trustee )
111 S. Independence Mall
Suite 583
Philadelphia, PA 19106


Timothy B. McGrath, Clerk, U. S. Bankruptcy Court
Pamela Blalock, Courtroom Deputy Clerk