IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE SHEKIMA T. LEWIS (DEBTOR) : CIVIL ACTION
: NO. 05-6780
:
: BANKRUPTCY CASE
: NO. 04-36778 KJC

## MEMORANDUM AND ORDER

FILED MAR 07 2006

**Juan R. Sánchez, J.**                                                                 **March 7, 2006**

Appellant/Debtor, Shekima T. Lewis ("Lewis"), asks this Court to determine whether the Bankruptcy Court erred in determining the pre-confirmation funds held by the Chapter 13 Standing Trustee should not be distributed to Lewis's counsel for outstanding legal fees owed. I will remand the case because the record is unclear whether the Bankruptcy Court considered the various code provisions related to attorneys' fees as administrative expenses and the proper distribution of such funds prior to distribution back to the debtor.

## FACTS

Lewis filed a Chapter 13 bankruptcy petition on December 20, 2004. The Bankruptcy Court dismissed the case on November 22, 2005 before confirming the bankruptcy plan because Lewis failed to make timely payments to the Trustee. Prior to dismissal, Lewis's counsel, Jenkins and Clayman, filed a motion to approve distribution of pre-confirmation payments held by the Trustee to counsel for outstanding legal fees. At the hearing held on November 22, 2005, the Bankruptcy Court stated that, despite there being no question as to the reasonableness of counsel fees and the court having jurisdiction on post-dismissal issues, it would deny the motion because "in a case that's dismissed, where there is no dispute about the reasonableness of what counsel has charged or is

1

ENTERED
MAR - 7 2006
CLERK OF COURT

asking for, I don't see a good reason for the Court to get involved." Hr'g Tr. 8, Nov. 22, 2005. In a Memorandum filed December 12, 2005, the bankruptcy judge further reasoned 11 U.S.C. § 349(b)(3) requires property of the estate revert to the debtor upon dismissal of a case. Mem. 3, Dec. 12, 2005. Therefore, "the debtor is free to dispose of these funds as applicable law would otherwise permit" but is in no way relieved of any obligation for unpaid counsel fees. *Id.* Counsel can pursue "available remedies for collection of such fees under applicable non-bankruptcy law in the appropriate non-bankruptcy forum." *Id.* at 3-4.

## DISCUSSION

A federal district court has jurisdiction over final judgments, orders and decrees of bankruptcy judges pursuant to 28 U.S.C. §§ 158(a)(1) and 1334. A clearly erroneous standard applies to findings of fact, whereas conclusions of law are subject to *de novo* review. *In re Sciliano*, 13 F.3d 748, 750 (3d Cir. 1994). I review the denial of attorneys' fees for abuse of discretion, "which occurs if the court's ruling was founded on an error of law or clearly erroneous view of the facts or misapplication of law to the facts." *In re Gioioso*, 979 F.2d 956, 959 (3d Cir. 1992). The parties do not dispute the bankruptcy judge's factual finding the counsel fee in this case is reasonable. The only dispute is whether the bankruptcy judge erred in holding the court should not consider whether to permit counsel fees in dismissed cases prior to plan confirmation.

The Bankruptcy Court correctly relied on 11 U.S.C. § 349(b)(3) for the proposition any property of an estate reverts to the debtor after dismissal of a bankruptcy case. The Bankruptcy Code, however, also makes provisions for the Trustee to distribute payments for administrative expenses prior to returning the funds to the debtor. Section 1326(a) expressly states "[i]f a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and

2

owing to creditors . . . to the debtor, after deducting any unpaid claim allowed under section 503(b)." 11 U.S.C. § 1326(a)(2). Section 503(b) governs allowance of administrative expenses generally and expressly includes "compensation and reimbursement awarded under section 330(a) of this title." 11 U.S.C. § 503(b)(2). Among the compensation listed in section 330(a) is "reasonable compensation to the debtor's counsel for representing the interests of the debtor in connection with a bankruptcy case." 11 U.S.C. § 330(a)(4)(B).

Collectively, sections 330(a), 503(b) and 1326(a) permit attorneys' fees and other administrative expenses be deducted from funds held by the Trustee before the balance is returned to the debtor, even when the case is dismissed before a plan is confirmed.[1] The bankruptcy judge, however, never discussed what impact, if any, the characterization of attorneys' fees as an administrative expense has on section 349(b)(3)'s requirement of reversion of funds to the debtor.[2] Although the Bankruptcy Court relied on section 349(b)(3) and raised justifiable concerns about judicial administration, the record is not adequate to explain whether the disallowance of counsel's requested fees was made in light of the Bankruptcy Code's language attorneys' fees may qualify as

---

[1] Courts have interpreted these provisions as requiring payment of administrative expenses, which may include attorneys' fees, before reverting the funds to the debtor even when a plan is not confirmed. See, e.g., In re Lampman, 276 B.R. 182, 183-84 (Bankr. W.D. Tex. 2002) (reviewing statutory language of 1326(a)(2) as restrictive on section 349(b)(3)'s reversion requirement when a plan is both confirmed and not confirmed); In re Doherty, 229 B.R. 461, 465 (Bankr. E.D. Wash. 1999) (holding section 1326(a)(3) sets clear statutory mandate to Trustee to pay administrative expenses prior to reversion of funds to the debtor).

[2] The The Bankruptcy Court implicitly recognized attorneys' fees qualify as an administrative expense when it determined it could consider counsel's motion for distribution of pre-confirmation funds for legal expenses as an application for attorneys' fees or a request for payment of administrative expense under section 503(b). The court questioned whether it had authority to make an award to counsel because counsel did not file a fee application but found it need not rule on this issue in light of section 11 U.S.C. § 349(b)(3).

administrative expenses subject to disbursement prior to reversion of funds to the debtor. Because the Bankruptcy Court made no explicit reference to nor addressed the interaction of all the relevant Code provisions, I am reluctant to rule on this issue in the absence of any record of such consideration.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE SHEKIMA T. LEWIS (DEBTOR)    :    CIVIL ACTION
                                                      :    NO. 05-6780
                                                      :
                                                      :    BANKRUPTCY CASE
                                                      :    NO. 04-36778 KJC

### ORDER

AND NOW this 7th day of March, 2006, it is hereby ORDERED the November 22, 2005 final Order denying Appellant/Debtor's Motion to Approve the Distribution of Pre-Confirmation Payments Held by the Chapter 13 Standing Trustee to Debtor's Counsel for Outstanding Legal Fees is VACATED and REMANDED to the Bankruptcy Court to make findings and provide further explanation to support its reasoning. Although the Bankruptcy Court relied on 11 U.S.C. § 349(b)(3) to support its denial, it did not consider the impact of other relevant provisions of the Bankruptcy Code. Therefore, on remand, the Bankruptcy Court shall make appropriate findings as to whether 11 U.S.C. §§ 330(a), 503(b), and 1326(a) permit an award of attorneys' fees in cases dismissed prior to plan confirmation and the timeliness of Appellant/Debtor's application for attorneys' fees filed on February 7, 2006 in light of 11 U.S.C. § 503(a).

BY THE COURT:

_____
Juan R. Sánchez, J.